Good morning, please, the Court. Mike Manning for Precision Lift and John Pollinare. Okay. The outcome of this appeal turns on the Supreme Court's decisions in Ebay and Winter, both of which held that shortcuts and categorical rules are no longer viable in the injunction context. Here, the District Court applied the incorrect legal standard by allowing Flexible to presume, or by presuming that Flexible had showed irreparable harm after finding that it had a likelihood of success on the merits of its copyright infringement claims. As I understand it, Flexible's argument that the presumption still is valid in this circuit is simply that this Court hasn't directly overruled it and that Ebay was a patent case and Winter was an environmental case. The analysis in both Ebay and Winter was specific to injunctions, not the substantive subject matter of either case. The courts in both cases talked about the well-established principles of equity, underlying injunctions, and Ebay specifically referenced the Copyright Act as an area where the Supreme Court has consistently refused to eschew equitable principles in favor of some more lenient standard. What's the status of this injunction now? It is, in effect. The underlying case is continuing to be litigated. It has not been stayed? It has not been stayed. I'd also like to address just briefly that the difference between a permanent injunction case and a preliminary injunction case is really a non-difference. The Supreme Court in Winter quoted another Supreme Court case called Amico for the proposition that these injunction standards for preliminary and permanent injunctions are quote, unquote, essentially the same. The only difference being that in the preliminary context, the plaintiff must show a likelihood of success on the merits, and in the permanent contest, it's actual success. I'd point the Court to the Second Circuit's decision in J.D. Salinger. All right, Joel, do you think we should adopt the Second Circuit's? I do. I think that Salinger's analysis... They got it exactly right? I do think they got it exactly right. If you're right, this would go back and you're in the middle of the case at this point, right? We are. An injunction would then have to be re-evaluated or re-argued to look at, to reconsider irreparable harm, correct? I'm not sure that remand is even necessary. Looking at the record that's in front of this Court, I think it's clear that there is no evidence in the record of a likelihood of irreparable harm. Well, they would argue the other way, though. They would say, even if the Court did err in presuming flexible asserts and evidence that demonstrates it would be irreparably harmed without an injunction, so the flip side is, can we make that determination without sending it back? I think that they have raised that argument that it's harmless error, and I think that if this Court looks at the record, it can hold that it was not harmless error and that the injunction shouldn't have issued. In your view, you know, it's a copyright infringement case. The drawings were copyrighted. What would be irreparable harm, assuming that these were purloined? I think that one of the arguments that Flexible raises in support of their irreparable harm argument is loss of market share. I think there is case law out there saying that loss of market share could be irreparable harm, but I think the record shows that they haven't proven it here. The automated merchandising case, which is an unpublished case from the Federal Circuit that we cited, says that when a party is claiming irreparable harm based on lost market share, there has to be some sort of evidence or substantiation of the lost market share, not just speculation. But here, we just have speculation. We don't have any evidence in the record of Flexible's market share before or after the alleged infringement. We don't have any evidence that their market share has been reduced by Carbis or any other company, and there's not really even any evidence in the record of Carbis's involvement in the industry other than a couple of print-off pages from their website with platforms that don't even resemble the registered works. I think that looking at the record as a whole on the irreparable harm, there's a lot of ifs. There's testimony. Why wouldn't you go back to the district court, though? Because normally, we would view this on an abuse of discretion, and the district court would make findings. But the problem is that for, you know, 200 years, there's been a presumption with respect to these intellectual property statutes. So if the rug comes out under that, why wouldn't the district court get a chance to look at this? I think that that is certainly something the court could do is hold in our favor on the argument that the presumption's no longer viable and send it back. I think that the reason the court doesn't necessarily have to send it back here is because Flexible has argued harmless error and has asked the court to look at what's in the record and hold that there's not harmless error. On the flip side of that, if the court isn't analyzing Flexible's and agrees with our position that there is a lot of evidence of a possibility of irreparable harm, which isn't the standard anymore under Winter, then it can just simply say that Flexible did not present any evidence on which the district court could have found a likelihood of irreparable harm and can vacate the injunction on that basis. Well, let's say if we said the wrong presumption, that we agree with you on that the Supreme Court cases have changed how you approach this, then we say it should go back. There were other rulings that the district court made. Should we tell the district court on those whether the district court got it right or wrong, or is that merely advisory at that point? You challenged the breadth, I think. I think that if the court finds in our favor on the presumption and holds that there was no harmless error, I don't think it needs to go any further. There is a Ninth Circuit case that I think we cited in the briefs that says if there is no likelihood of irreparable harm, reaching the merits is a waste of time, essentially. The court doesn't need to do it. So I think that because Winter says that... But this record wasn't really developed below because everyone, you know, they went with the concept that the presumption still applied. That is true, Your Honor, but we already... I mean, the district court didn't double-barrel it. You know, sometimes you double-barrel something. You say, okay, I think the presumption applies, and under that, this is my decision. But even if it doesn't, and even if it has been eroded, and that I still would find this and then give the reasons, but the district court didn't double-barrel it here. That's true, Your Honor, but I think the district court had a chance to conduct the analysis and just chose not to. We argued Ibe and Winter to the district court, and the district court essentially said that Elvis Presley is still the standard without addressing either of those two cases or our argument. So it essentially was saying it's not up to me to hold, to hold that I can't find irreparable harm. It's up to the circuit they've got it, and I'm still bound. So that would appear to say, if we agree that in the copyright context that there's no presumption, then it would have to go back for him to consider it. You know, Your Honor, I'm not sure that that's true. I think that the district court could have undertaken the analysis. It was presented, and there are plenty of district courts within the circuit that have undertaken the analysis because Ibe and Winter... But if you think you're right, you can just go down in flames. You know, you don't have to always go, you know, go through all of that, you know. I mean, you can just say, this is the way I see it, this is what I'm going to apply, and then, you know. I think that's true, Your Honor, but I don't think it necessarily mandates remand. Okay, well, I'm sort of a diehard on the irreparable harm issue, I guess. In the copyright context, where we have some constitutional protections for copyright, and there is a stealing of drawings in order to make money off of it, and I suppose the possibility that in the future, the same will happen, so thus, we have an injunction. Why shouldn't there be a presumption that there's going to be irreparable harm when you have property that is constitutionally entitled to protection and has been stolen to make profit competition? I think, Your Honor, I'd have to answer because the Supreme Court has said so. eBay was a patent case, which also protects intellectual property. I understand. And, of course, the patents are protected under... They're one of the only other two things that are protected under the Constitution, and so there's no distinction. No, I think that we'd agree with the Salinger Court's quote that it seems clear that the Supreme Court did not view patent and copyright injunctions as different in kind or requiring different rules. Okay. Any further questions? Thank you. Thank you. May it please the Court, good morning. I'm Lisa Meyerhoff here on behalf of the Appley Flexible Lifeline Systems. I would have to say I disagree with the comments of the Appellant's Counsel. The eBay and Winter cases said what they said. If the Supreme Court wanted to say this applies in every case, it could have. And so the context in which Judge Malloy was considering the request for a preliminary injunction from my client in the context of a copyright infringement case was this. There was no Ninth Circuit case applying eBay or Winter in the copyright infringement context with a preliminary injunction. Have you heard that the Supreme Court reverses the Ninth Circuit occasionally? Maybe it does, but the only case that's been decided since eBay and Winter in the Ninth Circuit is the Marlin Nutraceutical case, which is trademark. There has not been a Ninth Circuit case that's decided copyright infringement and a preliminary injunction, so. That's this case. You now just made, that case is here. I appreciate Judge Malloy being cautious, but now the case is before the Ninth Circuit, hasn't been decided yet. What would be the legal reason that we would say, you know what, somehow Winter and eBay just don't apply to copyright? Copyright stands, unlike everything else in the preliminary injunction arena, as a carve out. Well, several reasons. The record in this case has evidence of actual irreparable harm to flexible as well as harm in the future. So this court need not get to the point of deciding that. As to the presumption, the 200 years of history that you alluded to earlier is correct. Copyrights are different. The exclusive right that a copyright owner has to decide how its copyrighted material should be reproduced or used or displayed to anybody else, that's an exclusive right that it has. And so courts in the past have understood that that is a unique right to a copyright owner and that because of that. And a patent, although patents are sometimes erroneously described as an exclusive ownership. Basically, they are a right to exclude others from the sale or the use. So it's really this sort of flip side of the coin, but just a different IP right, isn't it? It's a different IP right because the right of the copyright owner, that bundle of exclusive rights, to use its own property and to decide how it wants to use it or whether it wants to in any particular context is exclusive to a copyright owner. I think in the patent context it's different, even though it is an IP right because it involves others and the exclusion from them. It isn't exactly the same thing. Maybe it's the flip side, but I think there is a distinction here. Why is it material? Why is it a material distinction? Why should that difference mean that there should be a different result as to how to show, whether you have to show irreparable harm? I think whether a patent owner decides to practice their invention and sell whatever it is, is one thing, but a copyright owner, again, that intangible right that it has to control what's going on, that really is unique to a copyright owner. And it should have the ability to decide whether or not it is going to do that. And if, in fact, in a preliminary injunction context, if a copyright owner is able to show a likelihood of success on the merits, it should have the right to be able to have the presumption, a rebuttable presumption. Well, what if the Supreme Court didn't grant cert on the Second Circuit case, right? Excuse me? Supreme Court didn't grant cert on the Second Circuit case? Correct. But what's the difference? Going back to Judge Schroeder's question, what's the material difference? Because in each of those, if you're a patent holder, you have to make a decision that you want to enforce the patent. If you're a copyright holder, you have to decide that you care that somebody is using your copyrighted materials. So that's, I'm not quite sure what distinction you've made between the two. Well, both a patent owner and a copyright owner believe they've got an important intellectual property right that needs to be  That's the similarity. What's the difference? The difference is that there's an intangible harm that can happen to a copyright owner by not being able to control what's going on with its copyrighted materials. Unlike in the context of a patent owner who may have a paper patent, not be practicing it, not be enforcing it, doesn't have to do anything. But with a copyright owner who has copyrighted material and, in fact, has chosen to register it, has the right to decide what's happening to its intellectual property. Well, why don't you go to your second point that even if there's no presumption in your view, there's evidence in the record to support irreparable harm? Yes, Your Honor. The, whether the standard is a possibility of irreparable harm or a likelihood of irreparable harm or actual irreparable harm, the record, in fact, shows that. Mr. Townend, who's the president of the company, testified about confusion in the marketplace, loss of market share, lack of control over the copyrighted materials that they had legitimately purchased from West Coast Well Tech. I believe there was also the harm to flexible by virtue of Carvis having a jump start or a head start into an industry that had been a minor player at best prior to that. All that evidence is in the record. And given the limited and deferential review of this appellate court of a preliminary injunction, when, again, all the facts in the case have not been established. We normally have deferential review when the district court says, I've looked at all these. They really are not proxies for money, which, of course, would not be irreparable harm, that you can't really necessarily regain the notion of market share. It's not just money. It's something else. We normally would have the district court saying all those things, and then we would say we'd benchmark those. But he didn't say any of those. So why wouldn't it really go back for the district court to if we were to disagree with your position on eBay, why wouldn't it go back for the district court to take a look in the first instance? Because this is not a case where there's no evidence in the record of irreparable harm. We can meet whichever standard there is. But if you knew you had a different, if we said the evidence was different that the district court aired and we sent it back, would you put on the exactly same evidence or would you put other evidence on? I would. The evidence that's in the record, I believe, would support the preliminary injunction. That's not the same question. If you had to go back under a different standard, would you do, you just would put the exact same evidence in? Yes, I would. Now we have even more evidence that of the bad acts of the defendants. So you would add evidence. Excuse me? If you had, if you don't get the presumption, wouldn't you go back and add evidence? If I had a do-over in any situation, I would likely add evidence because there would be now more evidence available. It's hard to go back in time now because we know all the other evidence that has shown up in the record that supports our case. But so would I, would I, you know, add a few more examples that we've now found out about it? Sure. But do I believe that this evidence in the record shows irreparable harm? Absolutely. And it also shows continuing harm in the future. That's why I don't believe under the limited review that this court needs to disturb Judge Malloy's entry of a preliminary injunction because you have evidence in the record. You can say the result would not have changed. The findings that he would make would be the same findings that are already here in front of this court. In the record, the result would be the same. He would enter a preliminary injunction against the defendants just as he did based on the evidence that he did have in front of him. Well, you know, I mean, appellate courts generally have, you know, when you ask a judge to look through a different lens, that, you know, always is something we struggle with, but they see it the same under a different lens. Okay. I think we understand your position. Any further questions? Thank you. Thank you. To just briefly address the distinguishment between patent law and copyright law, I think we would just ask the court to look at eBay's discussion of the Copyright Act as a specific area where the Supreme Court has refused to apply anything less than the four-factor test, and also maybe to the court's, this court's concurrence in Alliance for the Wild Rockies, where District Court Judge Mosman wrote separately to praise the retaining some flexibility for District Court judges via the serious questions test, but also writing that the Supreme Court had cabined that flexibility with regard to irreparable harm. On the harmless error point, I think that the record contains speculation. It contains speculation that there might be confusion if precision submits the same drawings, if flexible bids for the same job with the same drawings, then there might be confusion in the marketplace. That's a possibility of irreparable harm, and Winter says that's not good enough. The same thing is true with the lost market share. There's not any evidence in the record of anybody's market share before or after the alleged infringement, and there's a little bit of testimony from Mr. Townend that Carbis' presence in the industry was minor before, but there's no evidence in the record that their presence has increased since then. We don't know at all what they're doing right now based on the evidence in the record. And I think that this Court can look at that and find that even if Judge Malloy had applied the eBay and Winter standard, the record would not support a finding of a likelihood of irreparable harm. Thank you. Thank you. The matter just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned. The Court is adjourned.
judges: Schroeder, McKeown, Callahan